IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

    v.                                            CRIMINAL NO. 1:09cr 205 - 001
                                                  Honorable Leonie M. Brinkema

AMINE JOHN COUDSI,

    Defendant.

## MR. COUDSI'S SENTENCING MEMORANDUM

COMES NOW AMINE JOHN COUDSI pursuant to 18 USC § 3553 (a) and respectfully submits the following facts and factors for this Honorable Court's consideration relevant to his sentencing hearing, which is currently scheduled for July 24, 2009. Mr. Coudsi agrees with the Guideline calculation submitted by United States Probation Officer, Jennifer Lyerly, and agrees with Assistant United States Attorney, Jeanine Linehan, that a sentence of straight probation is warranted, and prays that this Honorable Court will sentence him accordingly.

Mr. Coudsi plead guilty to one count of Conspiracy to Commit Immigration Fraud. His involvement has been outlined in the Presentence Investigation Report prepared by Jennifer Lyerly, which includes a statement submitted by Mr. Coudsi. (see paragraphs 29 through 35).

**Variance to Straight Probation.**

Mr. Coudsi's suggested Guideline range is 4 to 10 months, based upon an offense level of 9 and a criminal history category of I. Mr. Coudsi is requesting that the Court grant a variance and sentence him to a period of straight probation. 18 USC § 3553 (a) requires that a defendant receive a sentence "sufficient, but not greater than necessary" given "the nature and circumstances

1

of the offense and the history and characteristics of the defendant. " Mr. Coudsi submits that a one (1) year sentence of straight probation would be fair and just disposition in this case.

Mr. Coudsi's involvement in the conspiracy was less than minor and the government agreed to a three (3) point role reduction due to his minimal/minor roll in the offense. Mr. Coudsi did not formulate the plan nor take an active part in its execution.

The plan was hatched by Mamoun Najib ("Najib") and Raja Khoury ("Khoury"). Mr. Khoury was one of the three owners of Pillar Construction, Inc. ("Pillar"). Initially, there was nothing illegal about their acts or intentions. Several workers at Pillar needed to maintain their status in the United States and Mr. Najib was the Pillar representative that helped them find legal assistance. Pillar periodically advanced the legal fees for their alien workers. Mr. Najib and Mr. Khoury then started "sponsoring" other aliens who did not work for Pillar but needed to maintain or gain status in the United States. For these individuals, Pillar listed them on the payroll, paid them bi-weekly paychecks, and completed verification documents that they worked for Pillar. After being paid, the aliens cashed their checks and returned the money to Mr. Khoury. Mr. Khoury then distributed these monies.

Mr. Coudsi was approached by Mr. Khoury who indicated that he had a friend that needed to be sponsored by Pillar in order to maintain his status in the United States and that this friend would not actually be working for Pillar. Mr. Coudsi agreed to these terms provided that it did not cost Mr. Coudsi or Pillar any money. Mr. Coudsi had not considered the depth of such activities, i.e., that Pillar would be filing false documents with the federal government and that he had just joined a conspiracy to commit immigration fraud. Mr. Coudsi asked few questions and did not object when other aliens were falsely placed on the Pillar payroll. Mr. Coudsi role was

2

minimal to minor in that he was never told how many fake employees were being sponsored; he did not arrange for any of the aliens to be placed on the payroll of Pillar; he did not know or meet any of these individuals; he did not set the price or fees for being a sponsor, nor did he ever collect or distribute any of the money. When the government started its undercover investigation in March 2005, Mr. Coudsi had withdrawn from the conspiracy. The investigation was focused on the other two partners/co-defendants. Mr. Najib, who was now a confidential informant, never met or contacted Mr. Coudsi because he was not a primary source of information. Mr. Coudsi's sole involvement was that he received a share of the money and was aware that his company was being used to sponsor aliens seeking status that did not in fact work for Pillar.

In or around December of 2003, Mr. Coudsi demanded that Mr. Khoury stop sponsoring aliens who were not actually working for Pillar. This demand occurred three (3) years before the conspiracy concluded. Mr. Coudsi never permitted these activities to occur in Texas where he was the sole operator of Pillar's offices. Mr. Coudsi did not live in Virginia, and was not made aware of Pillar's day-to-day operations in Virginia. For various reasons, including Mr. Coudsi's failure to cooperate with his partners regarding the conspiracy, he was forced him out of the company.

**Co-Defendant sentences.**

Both of the co-defendants, Raja Khoury and Maher Chalabi, who were also the other two owners of Pillar, received a two (2) year term of straight probation[1]. Mr. Najib, who instigated the scheme with Mr. Khoury, became a government witness, and has a prior criminal record, received a two (2) year sentence of straight probation. The United States Supreme Court has determined

---

[1] The probation terms for Mr. Khoury and Mr. Chalabi have been terminated early, each receiving only one year.

that an important sentencing consideration is the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct. *See* Gall v. United States, 128 S.Ct. 586 (2007). Mr. Coudsi has no prior record, which is similar to his co-defendants, and Mr. Coudsi's role in the offense was minimal/minor as compared to Mr. Khoury and Mr. Chalabi. For these reasons, Mr. Coudsi would submit that a one (1) year period of straight probation is a fair sentence.

**Personal Characteristics.**

Mr. Coudsi is a fifty year old individual who is married and has one minor child. He has no prior criminal record. Mr. Coudsi is ashamed to have been involved in this matter and has always considered himself to be a respectable citizen. He is disappointed in himself that he agreed to be part of the conspiracy and now finds himself labeled a felon for the rest of his life. This label is of no small consequence to Mr. Coudsi and his family. His father was a highly respected individual who was awarded medals by the Pope, including one that indicated he was part of the Knight's Order and a medal of honor.

Mr. Coudsi accepts responsibility for his actions and does not seek to absolve himself. Mr. Coudsi recognizes that he received money and that as part owner of Pillar he permitted his company to be used to document fictitious employment.

**Conclusion.**

Mr. Coudsi is a fifty year old man who plead guilty to one count of Immigration Fraud. He has no prior criminal history. He is remorseful and ashamed of his conduct and of being a convicted criminal. His involvement in the conspiracy was minimal to minor. He withdrew from the scheme three (3) years before the conspiracy concluded. He has cooperated with the

4

government to his best extent. All of the other individuals involved in the conspiracy were sentenced to a period of straight probation and he prays that pursuant to § 3553 (a), this Court will find that a one (1) year sentence of straight probation is a fair and just sentence for him.

Respectfully submitted,

Amine John Coudsi
By Counsel

_____/S/_____
CARY S. GREENBERG (vsb 27456)
GreenbergCostle, PC
8200 Greensboro Drive
Suite 250
McLean, VA 22102
Phone: (703) 448-3007
Fax: (703) 995-4488
csg@greenbergcostle.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to Jeanine Linehan, AUSA, 2100 Jamieson Avenue, Alexandria, VA 22314.

_____/S/_____
CARY S. GREENBERG (vsb 27456)
GreenbergCostle, PC
8200 Greensboro Drive
Suite 250
McLean, VA 22102
Phone: (703) 448-3007
Fax: (703) 995-4488
csg@greenbergcostle.com